IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAMON MCDOWELL, et al.,

        Plaintiffs,

v.                                CIVIL ACTION NO. 2:19-cv-00746

AllSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiffs' Motion to Remand [ECF No. 9]. For the reasons that follow, the Plaintiffs' Motion is **GRANTED**.

I.    Background

Damon McDowell, Mary McDowell, and Deanna Lawson ("Plaintiffs") originally filed this action in the Circuit Court of Fayette County, West Virginia, seeking to recover for a fire loss against Allstate Vehicle and Property Insurance Company ("Allstate") and Patrick O. Hambrick, Jr. ("Hambrick"), doing business as Heritage Insurance Agency, an agent of Allstate. Plaintiffs are all residents of Fayette County, West Virginia. Defendant Allstate is an Illinois Corporation with its principal place of business in Illinois. Defendant Hambrick is a resident of Fayette County, West Virginia.

According to the complaint, Defendant Hambrick solicited Plaintiff Damon McDowell to purchase insurance with Allstate for Plaintiffs' residence at 219 Highland Avenue, Oak Hill, West Virginia. McDowell alleges Hambrick knew that McDowell was doing construction work on the property. Yet, the complaint alleges that Hambrick prepared an insurance application for McDowell requiring occupancy within 30 days, violating the New York standard fire policy which is required by W. Va. Code § 33-17-2. Plaintiffs allege that "Mr. Hambrick prepared his own specific proposal and made no mention of occupancy within any specific period of time." Mot. Remand [ECF No. 9] ¶ 7. After Plaintiffs' home was destroyed by fire, Plaintiffs allege the defendants wrongly voided their insurance policy because Plaintiffs' application represented the property would be occupied within 30 days. Based on these and other allegations, Plaintiffs allege a breach of contract claim in Count I and fraud and West Virginia Unfair Trade Practices Act ("WVUTPA") violations in Count II.

The defendants removed this action on October 11, 2019 under diversity jurisdiction alleging Hambrick was fraudulently joined. Plaintiffs filed a motion to remand on October 23, 2019.

II. **Legal Standard**

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). Diversity jurisdiction requires "complete diversity" of citizenship between the parties to a controversy. 28 U.S.C. § 1332. As such, no party involved in a diversity suit may share citizenship with an opposing party. *Id.*

On the face of Plaintiffs' complaint, complete diversity of citizenship is lacking because Plaintiffs and Defendant Hambrick are all citizens of West Virginia. However, the judicially created "fraudulent joinder" doctrine provides an exception to the complete diversity requirement, allowing a district court to assume jurisdiction even if there are nondiverse defendants at the time of removal. *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232–33 (4th Cir.1993). A finding of fraudulent joinder "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999).

> To show that a nondiverse defendant has been fraudulently joined:
>
> the removing party must establish either: that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts.

*Id.* at 464 (emphasis added). Accordingly, the removing party bears a heavy burden, as it "must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall*, 6 F.3d at 232–33. The fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Mayes*, 198 F.3d at 464 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir.1999)). "[T]here need be only a slight possibility of a right to relief. Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends." *Hartley*, 187 F.3d at 426. Courts should "resolve all doubts about the propriety

3

of removal in favor of retained state court jurisdiction." *Id.*

III. Discussion

There is no dispute as to the amount in controversy. The only dispute is whether Mr. Hambrick was fraudulently joined, thereby defeating diversity. The court need only examine Plaintiffs' WVUTPA claim to conclude that Mr. Hambrick was not fraudulently joined.

The WVUTPA regulates insurance trade practices by defining and prohibiting unfair or deceptive practices. W. Va. Code § 33-11-1. The WVUTPA prohibits a person from committing "with such frequency as to indicate a general business practice…(a) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue." §33-11-4(9). The use of the term "person" in the WVUTPA creates a private cause of action against employees and agents of insurance companies who engage in conduct violating the Act. *See Taylor v. Nationwide Mut. Ins. Co.*, 589 S.E.2d 55, 61 (W. Va. 2003); *see also Lawson v. Am. Gen. Assur. Co.*, 455 F. Supp. 2d 526, 530 (S.D.W. Va. 2006) ("This Court has held that WVUPTA claims against insurance agents are sufficient to escape the fraudulent joinder rule.").

Construing Plaintiffs' complaint in the light most favorable to Plaintiffs, Plaintiffs' theory appears to be that because Hambrick allegedly knew that McDowell was remodeling the home, Hambrick knew that it would not be occupied within 30 days. Thus, by soliciting McDowell to buy insurance with a policy mandating occupation within 30 days in violation of West Virginia Code, Hambrick allegedly concealed or misrepresented the insurance policy in order to induce McDowell to

purchase it. The alleged conduct would appear to fall within the proscriptions of the WVUTPA. *See Rule v. W. & S. Life Assur. Co.*, No. 2:12-CV-09801, 2013 WL 4805744, at *3 (S.D.W. Va. Sept. 9, 2013) (granting remand where "Defendant allegedly failed to provide Plaintiff with a notice of cancellation…[therefore Defendant's] statement that the policy had lapsed was a misrepresentation"); *Shultz v. Liberty Life Assurance Co. of Bos.*, No. 2:07-CV-00305, 2007 WL 9718697, at *2 (S.D.W. Va. July 17, 2007) (granting remand where Defendant stated "the [insurance] policy was effective as soon as it was signed" while knowing or disregarding "that her actions and statements during the sale of the life insurance police…constituted unfair or deceptive acts and practices"); *Halkias v. AXA Equitable Life Ins. Co.*, No. CIV.A. 2:05-CV-00438, 2006 WL 890620, at *3 (S.D.W. Va. Apr. 4, 2006) (granting remand where Defendant "intentionally misrepresent[ed] the terms and conditions of [Plaintiff's] Incentive Life 2000 policy"); see *Fellure v. Equitable Variable Life Ins. Co.*, No. CIV.A. 2:05-0214, 2005 WL 3115851, at *1 (S.D.W. Va. Nov. 21, 2005) (granting remand where Defendant concealed information concerning the vanishing premium concept, violating WVUTPA).

While Plaintiffs' theory may not be legally or factually tenable, the Court cannot find there is no possibility that Plaintiffs would be able to establish a cause of action in state court. *See Mayes*, 198 F.3d at 464. Because Hambrick, as an insurance agent, falls within a "person" under the WVUTPA, there is at least a "glimmer of hope" that the claim is legally viable. *See Hartley*, 187 F.3d at 426. Having so found, the Court need not consider the parties' remaining arguments.

5

## IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Remand [ECF No. 9] is **GRANTED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 11, 2019

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE